Mel C. Orchard, III
Meyer and Williams,
Attorneys at Law, P.C.
P.O. Box 2608
Jackson, WY 83001
307/733-8300

Craig E. Kirkwood
Kirkwood, Nelson & Vang, P.C.
P.O. Box 1165
Laramie, WY 82073-1165
307/742-8151

Attorneys for Plaintiffs

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MERLE M HALL and RAY HALL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 00CV 005 D |
| POLTRANS, INCORPORATED, | ) | |
| a California corporation; IGOR | ) | |
| ABRAMENKO; JOHN DOES I-V; and | ) | |
| DOE CORPORATIONS I-V | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES

COME NOW the plaintiffs, and pursuant to the scheduling order of

this Court, and U.S.D.C.L.R. 26(g), hereby designate the following expert

witnesses who may testify at the trial of this case:

The following apply to all expert witnesses listed herein:

1. All opinions of expert witnesses set forth herein are to a

   reasonable degree of probability in the witness's field of

   expertise.

2. All material and information relied upon by expert witnesses in forming opinions is of the type ordinarily and reasonably relied upon by experts in the field of such witnesses in forming such opinions.

3. The contents of depositions of each witness, if any, are incorporated in the witness designation for each witness.

**John Smith**
**Raymond P. Smith & Associates**
**1880 East 84th Avenue**
**Denver, CO 80229**
**303/288-3015**

John Smith is an accident reconstruction expert whose credentials are listed in a CV, which is attached hereto.  Mr. Smith associates with Peter Alexander in forming his opinions.  Mr. Smith, however, is the person who will testify, if called, as an expert for the purposes of the case at bar.  Mr. Smith has listed the cases and depositions he has been involved with for the past five years.  He has also provided his hourly charge for deposition and trial testimony.  His opinion is contained generally in the report attached hereto.  He will testify generally and specifically regarding liability and causation.  Mr. Smith's opinion is that Mr. Abramenko was traveling too fast for conditions, was following too closely and/or was taking unnecessary risks in reckless disregard of the consequences of his actions.  Mr. Abramenko's conduct was a substantial factor in causing the wreck in question.  Moreover, Mr. Abramenko's conduct was in large part, the cause of the wreck in question.  The report attached hereto outlines these opinions in more detail.  The plaintiff reserves the right to supplement this designation as discovery progresses, and to the extent the defendant hires an expert who conducts additional testing or provides opinions regarding evidence not considered by Mr. Smith.

**Erin Bigler, Ph.D**
**Board Certified Nueropsychologist**
**P.O. Box 1968**
**Provo, Utah 84603-1968**

Dr. Bigler is a Nueropsychologist who may be called to testify regarding testing that may be necessary to better determine Merle Hall's current level of cognitive functioning.  It is anticipated Dr. Bigler will rely in part on the nueropsychological report prepared by Norma Cooke, Ph.D as well

as his own testing, and other medical records. It is anticipated that Dr. Biger will perform testing on the plaintiff, Merle Hall, during the next two months. The Plaintiff will supplement this designation with Dr. Bigler's testing results, opinion, CV, list of trial and deposition testimony and fee schedule.

## TREATING HEALTH CARE PROVIDERS

**Raymond R. Price, M.D.**
**LDS Hospital**
**8th Avenue & C Street**
**Salt Lake City, UT 84143**
**801/321-1791**

Dr. Price is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. He is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Price will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Price has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Price will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Charles Sorensen, M.D.**
**LDS Hospital**
**8th Avenue & C Street**
**Salt Lake City, UT 84143**
**801/321-1791**

Dr. Sorsensen is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. He is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills

were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Sorsensen will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Sorsensen has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Sorsensen will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Gregory R. Dunnavant, M.D.**
**LDS Hospital**
**8th Avenue & C Street**
**Salt Lake City, UT 84143**
**801/321-1791**

Dr. Dunnavant is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. He is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Dunnavant will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Dunnavant has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Dunnavant will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Nathan C. Dean, M.D.**
**LDS Hospital**
**8th Avenue & C Street**
**Salt Lake City, UT 84143**
**801/321-1791**

Dr. Dean is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Dean is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Dean will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Dean has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Dean will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

> **Norma Cooke, Ph.D**
> **Baylor College of Medicine**
> **One Baylor Plaza**
> **Houston, Texas 77030-3498**

Dr. Cooke is a Neuropsychologist who treated Mrs. Hall and is expected to testify in accordance with her medical records and the reports she completed, which have been provided to the defendant and are incorporated herein by this reference. Dr. Cooke is expected to testify additionally about Mrs. Hall's traumatic brain injury and the long term effects of such an injury including, but not limited to, cognitive dysfunction, memory loss, executive function problems, and other disorders associated with traumatic brain injury. Dr. Cooke will testify that Mrs. Hall's injury was caused by the wreck in question. Mrs. Hall's disability caused by the wreck in question will become more prominent or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Her injuries and current deficits are permanent in nature. Dr. Cooke will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

> **Peter S. Hanson, M.D.**
> **LDS Hospital**
> **8th Avenue & C Street**
> **Salt Lake City, UT 84143**
> **801/321-1791**

Dr. Hanson is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Hanson is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Hanson will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Hanson has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Hanson will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**James W. Morrison, M.D.**
**LDS Hospital**
**8th Avenue & C Street**
**Salt Lake City, UT 84143**
**801/321-1791**

Dr. Morrison is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Morrison is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Morrison will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Morrison has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Morrison will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Greg R. Goodman, M.D.**
**LDS Hospital**

8th Avenue & C Street
Salt Lake City, UT 84143
801/321-1791

Dr. Goodman is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Goodman is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Goodman will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Goodman has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Goodman will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Mark N. Critchfield, M.D.**
**LDS Hospital**
**8th Avenue & C Street**
**Salt Lake City, UT 84143**
**801/321-1791**

Dr. Critchfield is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Critchfield is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Critchfield will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Critchfield has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Critchfield will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Charles Ford, M.D.**
**LDS Hospital**
**8th Avenue & C Street**
**Salt Lake City, UT 84143**
**801/321-1791**

Dr. Ford is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Ford is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Ford will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Ford has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Ford will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Jeffrey A. Kozak, M.D., P.A.**
**7401 South Main**
**Houston, TX 77030**
**713/799-2300**

Dr. Kozak is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Kozak is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Kozak will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Kozak has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Kozak will provide a

CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Jeffrey A. Jackson, M.D.**
**Jackson and Jones Neurology**
**7505 South Main, Suite 150**
**Houston, TX 77030**

Dr. Jackson is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Jackson is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Jackson will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Additionally, Dr. Jackson believes that although Mrs. Hall suffered from some preexisting pain in her neck and low back, she was asymptomatic for pain before the wreck. Therefore, the exacerbation of these preexisting conditions, and the resulting pain and disability was caused solely by the wreck. Her condition was caused not by the preexisting condition but instead by the forces exerted on her body by the wreck. Because Dr. Jackson has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Jackson will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Larry L. Patchell, M.D.**
**Shamrock Imaging**
**7311 South Main Street**
**Houston, TX 77030**
**713/796-9912**

Dr. Patchell is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Patchell is also expected to testify about Merle Hall's injuries generally and specifically. He will offer opinions that her injuries were caused by the incident in question. He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Patchell will testify that the symptoms Mrs. Hall is currently suffering

from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Patchell has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Patchell will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Nicholas Sollenne, III, M.D.**
**Medical Clinic of Houston, LLP**
**1707 Sunset Blvd.**
**Houston, TX 77005**

Dr. Sollenne is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference.  Dr. Sollenne is also expected to testify about Merle Hall's injuries generally and specifically.  He will offer opinions that her injuries were caused by the incident in question.  He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Sollenne will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages.  Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Sollenne has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Sollenne will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Michael Winkelmann, M.D.**
**Institute of Physical Medicine**
**1 Layfair Drive, Suite 100**
**Jackson, MS 39208**

Dr. Winkelmann is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Winkelmann is also expected to testify about Merle Hall's injuries generally and specifically.  He will offer opinions that her injuries were caused by the incident in question.  He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following

the wreck. Dr. Winkelmann will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future.  Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question.  Because Dr. Winkelmann has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Winkelmann will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Stephanie Lynchard, OTR**
**MMRC**
**1 Layfair Drive**
**Jackson, MS 39208**

Ms. Lynchard is a healthcare provider of plaintiff Merle Hall. She is expected to testify in accordance with her medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Ms. Lynchard is also expected to testify about Merle Hall's injuries generally and specifically.  She will offer opinions that her injuries were caused by the incident in question. She will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Ms. Lynchard will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future.  Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question.  Because Ms. Lynchard has not been specifically retained as an expert witness, but is an expert simply because she medically treated the plaintiff, that information is not provided herein. Ms. Lynchard will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Jim Fehrenbacher, P.T.**
**MMRC**
**1 Layfair Drive**
**Jackson, MS 39208**

Jim Fehrenbacher is a physical therapist of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Mr. Fehrenbacher is also expected to testify about Merle Hall's injuries generally and specifically.  He will offer opinions that her injuries were caused by the incident in question.  He will testify that her medical bills were reasonable in amount and the medical treatment

rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Mr. Fehrenbacher will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future.  Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question.  Because Mr. Fehrenbacher has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Mr. Fehrenbacher will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Teresa A. Atkinson, P.T.**
**Atkinson Manual Physical Therapy, P.C.**
**4615 Post Oak Place, Suite 190**
**Houston, TX 77027**
**713/621-7717**

Teresa Atkinson is a physical therapist of plaintiff Merle Hall and is expected to testify in accordance with her medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Ms. Atkinson is also expected to testify about Merle Hall's injuries generally and specifically.  She will offer opinions that her injuries were caused by the incident in question.  She will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Ms. Atkinson will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future.  Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question.  Because Ms. Atkinson has not been specifically retained as an expert witness, but is an expert simply because she medically treated the plaintiff, that information is not provided herein. Ms. Atkinson will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**John Iliya, M.D.**
**Memorial Hospital of Sweetwater County**
**Rock Springs, WY**

Dr. Iliya is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Iliya is also expected to testify about Merle Hall's injuries generally and specifically.  He will offer opinions that her injuries were caused by the incident in question.  He will testify that her medical

bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Iliya will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future.  Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages.  Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Iliya has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Iliya will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**William R. Compton, M.D.**
**Memorial Hospital of Sweetwater County**
**Rock Springs, WY**

Dr. Compton is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with his medical records, which have been provided to the defendants and are hereby incorporated herein by this reference. Dr. Compton is also expected to testify about Merle Hall's injuries generally and specifically.  He will offer opinions that her injuries were caused by the incident in question.  He will testify that her medical bills were reasonable in amount and the medical treatment rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Dr. Compton will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future. Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages.  Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question. Because Dr. Compton has not been specifically retained as an expert witness, but is an expert simply because he medically treated the plaintiff, that information is not provided herein. Dr. Compton will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

**Anne Newton P.T.**
**MMRC Outpatient Rehabilitation**
**One Layfair Drive**
**Jackson, Ms  39208**
Anne Newton is a treating physician of plaintiff Merle Hall and is expected to testify in accordance with her medical records, which have been provided to the defendants and are hereby incorporated herein by this reference.  Ms. Newton is also expected to testify about Merle Hall's injuries generally and specifically.  She will offer opinions that her injuries were caused by the incident in question.  She will testify that her medical bills were reasonable in amount and the medical treatment

rendered was reasonably necessary given Mrs. Hall's condition following the wreck. Ms. Newton will testify that the symptoms Mrs. Hall is currently suffering from are permanent in nature and are likely to continue into the future.  Mrs. Hall's disability caused by the wreck in question will become more prominent, or more disabling as she ages. Indeed, Mrs. Hall will age more quickly because of her injuries than would someone who had not been involved in a wreck of the magnitude of the wreck in question.  Because Ms. Newton has not been specifically retained as an expert witness, but is an expert simply because she medically treated the plaintiff, that information is not provided herein. Ms. Newton will provide a CV, list of cases, and fee for deposition and trial testimony if requested by the defendant.

The plaintiff reserves the right to amend this designation in the event the defendant lists a witness with a specialty not listed in Plaintiff's designation, or, in the event Jolene Crawford's care and treatment requires a health care provider not listed herein.  Moreover, Plaintiff reserves the right to supplement this designation with witnesses who are listed in Plaintiff's medical records, who may be called to offer testimony or to provide foundation for the medical records and bills which have been, or that will be, produced.

DATED:  This 15th day of June, 2000.

Mel C. Orchard, III

**PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES - Page 14**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of June, 2000, a true and accurate copy of the foregoing was placed in the U.S. mail, postage prepaid and/or sent by telefax as indicated below and addressed to:

Curtis B. Buchhammer                 U.S. mail only:
Buchhammer & Kehl, P.C.              Telefax only:
1821 Logan Avenue                    U.S. mail and telefax:
P.O. Box 568
Cheyenne, WY 82003-0568

Craig E. Kirkwood                    U.S. mail only:
Kirkwood, Nelson & Vang, P.C.        Telefax only:
P.O. Box 1165                        U.S. mail and telefax:
Laramie, WY 82073-1165

Telefax numbers, if utilized:
Buchhammer & Kehl, P.C., 307/634-2199
Kirkwood, Nelson & Vang, P.C., 307/742-9208

_____
Mel C. Orchard, III



# Raymond P. Smith & Associates

TECHNICAL ACCIDENT INVESTIGATION • ACCIDENT RECONSTRUCTION
MEMBER **SAE**

June 15, 2000

RAYMOND P. SMITH
ACCIDENT
RECONSTRUCTIONIST
•
JOHN J. SMITH, P.E.
B.S.G.P., M.S.E.E.
•
PETER ALEXANDER
Ph.D., PHYSICS
•
C. SAMEUL MILLER
Ph.D., PE
•
DONALD S. MASSEY
D.O., FACOEP
•
THOMAS LINDQUIST
LAMPS ON/OFF
RETIRED CPT., C.S.P.
•
THERESA A. SMITH, M.B.A.
B.S.N.
•
FRANCIS J. SMITH
B.S.G.P., M.S.E.E.
•
IRIS T. ALEXANDER
B.S., M.S., PHYSIOLOGY
•
RALPH D. GRAHAM
SAFETY CONSULTANT
TRANSPORTATION
•
JONATHAN SHARP
CERTIFIED
SAFETY PROFESSIONAL
•
JAMES T. HOGAN
INVESTIGATOR
•
RUDOLPH RIEHL
MECHANICAL
TECHNICIAN
•
ROBIN ALEXANDER
RESEARCH ASSISTANT
•
BILL OLIVER
FIELD INVESTIGATOR
•
JOHN CASTERDALE
ANIMATION

Meyer & Williams
Attorneys At Law
P.O. Box 2608
350 East Broadway
Jackson, Wyoming 83001

Attn: Mr. Mel Orchard

Re:    Collision January 25, 1996 at 1125 hours
       I-80, 0.1 Miles West of Milepost 89
       Sweetwater County, Wyoming
       Hall, Abramenko

Subject:    Preliminary Report

Dear Mr. Orchard,

The State of Wyoming Investigator's Traffic Accident Report and associated documents for the referenced collision were studied. Color photographs of the collision scene were examined, as were color photographs of the Hall vehicle. The Hall vehicle was examined and photographed. The repair estimate from Crawford & Company was reviewed. The deposition of Anna Depta and the recorded statement of Ray Hall were read, as were the deposition and statement of Igor Abramenko. A letter from the Department of Transportation dated November 25, 1996 was considered. Correspondence from Harco Insurance Company and Farmers Insurance Group was reviewed. Based upon this data, the referenced collision was reconstructed.

The following facts were considered:

1.    The Hall vehicle, a 1996 Lexus LS400, was reported to be eastbound in the right lane of I-80.

2.    The Abramenko vehicle, a 1995 Freightliner semi, was reported to be eastbound in the passing lane of I-80 behind the Hall vehicle.

3.    The Accident Report indicated that Mr. Hall lost control of his vehicle and fishtailed in front of the Abramenko truck.

4.    The Accident Report indicates that the Abramenko vehicle collided with the Hall vehicle and then struck the guardrail.

1880 E. 84th Avenue • Denver, Colorado 80229
(303) 288-3015 • (800) 237-6001 • (303) 288-6544 Fax



5.   The Hall vehicle came to rest in the median on the north side of the road. The Abramenko vehicle came to a stop against the guardrail on the south side of the road.

6.   The investigating officer reported that after impact, the Hall vehicle traveled approximately 115 feet to rest.

7.   The Accident Report depicted heavy damage to the area of the right side passenger door of the Hall vehicle.

8.   The Accident Report depicted damage to the left and right front end of the Abramenko vehicle.

9.   The Accident Report listed the speed of the Abramenko vehicle as 45 to 50 m.p.h., and the speed of the Hall vehicle as 50 m.p.h.

10.  The speed limit at this location was reported to be 75 m.p.h.

11.  The Accident Report estimated the repair cost of the Hall vehicle at $10,000, and the repair cost of the Abramenko vehicle at $2,500.

12.  The road at the site of the collision was reported to be icy, straight and upgrade. The Accident Report indicates it was snowing.

13.  All parties were reported to be restrained.

14.  Mrs. Hall, the left front passenger in the Hall vehicle, was reported to have evident incapacitating injuries.

15.  The photographs of the Hall vehicle show the right side to be pushed inward and the front passenger seat is deformed. The right front door is missing. The damage extends forward to the right front fender, rearward to the right rear fender, and upward to just below the roof near the rear window. The hood is buckled on the right side. The windshield is damaged. The Hall vehicle was declared a total loss.

16.  The photographs of the scene show that the roadway is paved and generally straight.

17.  In the Owner's Traffic Accident Report, Mr. Hall reported that he was driving east on I-80 at 45 m.p.h. Mr. Hall indicated that he saw black ice on the road ahead and slowed to 35 m.p.h. Mr. Hall indicated that he lost control of his vehicle and an 18-wheeler crashed into his wife's door. The diagram accompanying Mr. Hall's statement indicates the collision occurred in the right lane with the Hall vehicle angled to face the guardrail.



18. In his recorded statement, Mr. Hall indicated that he was driving east on I-80 in the right lane at an estimated speed of approximately 45 m.p.h. Mr. Hall related that there was black ice on the road and it was not snowing at the time of the collision. Mr. Hall indicated that he slowed when he observed the icy road conditions. Mr. Hall reported that he had left Evanston, Wyoming at 9 in the morning and had driven about 84 miles, when he saw black ice in his lane. Mr. Hall stated that as he encountered the ice, he lost control, was weaving across the road, and was crossways in the road when the truck struck his vehicle. As a result of the collision, Mr. Hall said the entire right side of his vehicle was smashed. Mr. Hall indicated that the 18-wheeler also suffered damage to the front end.

19. Mr. Igor Abramenko stated in his deposition of May 11, 2000, that he was carrying a load of apples and peaches in a Freightliner 18 wheeler semi and refrigerated trailer. Mr. Abramenko stated that his vehicle was loaded to within a couple thousand pounds of 80,000. Mr. Abramenko stated that he is pretty sure that the weight was legal because they had just checked the weight at the scales when he entered Wyoming. Mr. Abramenko stated that he was following 100 to 200 meters behind another truck driver in the left lane and talking with him on the CB radio. Mr. Abramenko stated that it was very cold and the road conditions were icy but there was good visibility. Mr. Abramenko estimated his speed at between 40 and 50 m.p.h. Mr. Abramenko related that on an upgrade, a car in the right lane, traveling at the same speed as the truck, started to slide from side to side, and moved in front of the Abramenko semi. Mr. Abramenko could not estimate when he had first observed the car in the right lane. Mr. Abramenko stated that he could not stop his heavy truck on the ice so he tried to change lanes and slow down to move away from the car. Mr. Abramenko said he did not downshift or brake his vehicle. Mr. Abramenko said he changed lanes whenever the car moved into his lane, which happened three times. Mr. Abramenko stated that there was snow in the median where they were clearing the interstate. Mr. Abramenko said he was in the right lane when the car moved in front of him from the median, like it was driving across the street. Mr. Abramenko said he tried to move to the right shoulder toward the guardrail. Mr. Abramenko stated that the front left of his truck struck the passenger side of the car. After the collision, Mr. Abramenko said he got out of his truck, but people had already stopped to help. Mr. Abramenko stated that someone came to him and asked for a



blanket for the woman in the car because the vehicle's window was broken and they could not get her out of the car. Mr. Abramenko stated that he broke his hand and was taken to the hospital by ambulance along with the occupants of the car. Mr. Abramenko stated that he never spoke to the occupants of the other vehicle or examined his truck after the collision. Mr. Abramenko stated that the police officer told him that the other driver was issued a citation and that he has never been in any other accidents.

20. In a statement, apparently taken by Ms. Depta, Mr. Igor Abramenko reported that he was driving east on I-80 at 40 m.p.h. Mr. Abramenko indicated there was a truck about 150 yards ahead of him that passed the Hall vehicle. Mr. Abramenko said he was setting up to pass when Mr. Hall lost control and swerved into the left lane. Mr. Abramenko indicated he down shifted his truck and braked, while moving into the right lane, to avoid the Hall vehicle. According to Mr. Abramenko, Mr. Hall then swerved back into the right lane where the impact occurred.

21. Ms. Anna Depta stated in her May 11, 2000 deposition that Mr. Abramenko's file was destroyed three years after he left employment with Poltrans and that she had helped him fill out many of the forms because of his difficulty with the English language.

The following conclusions were reached:

1. Mr. Hall's contention that his average speed from when he left Evanston was 45 m.p.h. or less is supported by the physical evidence.

2. With gentle braking, Mr. Hall could have slowed from 45 m.p.h. to the 35 m.p.h. in approximately 2 seconds.

3. The Abramenko truck speed, at impact, was approximately 35 m.p.h. faster than the Hall vehicle's speed.

4. The Hall vehicle achieved a post impact change in speed of approximately 35 to 45 m.p.h.

5. Mr. Abramenko reported that he was traveling at 45 m.p.h. and was approximately 150 yards behind the Hall vehicle when it lost control. With gentle braking Mr. Abramenko should have been able to bring his truck to a complete stop before reaching the Hall vehicle. Mr. Abramenko would have had more than 450 feet available for braking, since the Hall vehicle continued to move eastward down the road during the sliding maneuvers.



June 15, 2000
Hall, Abramenko
Page 5

6.   It was reported that Mr. Abramenko said he had decided to pass the Hall vehicle. If this is true, this would be a reckless act.

7.   If Mr. Abramenko had sufficient time to change lanes repeatedly, there was sufficient time for him to avoid the collision by slowing.

8.   Mr. Abramenko appears to have been driving in a careless manner. Either he was traveling too fast and/or following too closely for the road conditions and was unable to stop in response to an emergency situation in the road ahead of him. Additionally, Mr. Abramenko may have made a bad decision to pass an out of control vehicle on the road ahead, in the face of icy road conditions.

Based upon our education, experience and the above stated facts, it is our opinion that the collision with the Hall vehicle was in large part the result of the speed and proximity of the Abramenko vehicle. In addition, Mr. Abramenko made a series of poor decisions in not coming to a stop prior to the collision, despite the icy road conditions.

Sincerely,

Peter Alexander

John J. Smith



# Raymond P. Smith & Associates

TECHNICAL ACCIDENT INVESTIGATION • ACCIDENT RECONSTRUCTION
MEMBER **SAE** [logo]

RAYMOND P. SMITH
ACCIDENT
RECONSTRUCTIONIST
•
JOHN J. SMITH, P.E.
B.S.G.P., M.S.E.E.
•
C. SAMEUL MILLER
Ph.D., PE
•
DONALD S. MASSEY
D.O.. FACOEP
•
THOMAS LINDQUIST
LAMPS ON/OFF
RETIRED CPT., C.S.P.
•
THERESA A. SMITH
B.S.N.
•
FRANCIS J. SMITH
B.S.G.P., M.S.E.E.
•
RALPH D. GRAHAM
SAFETY CONSULTANT
TRANSPORTATION
•
JONATHAN SHARP
CERTIFIED
SAFETY PROFESSIONAL
•
JAMES T. HOGAN
INVESTIGATOR
•
RUDOLPH RIEHL
MECHANICAL
TECHNICIAN
•
ROBIN ALEXANDER
RESEARCH ASSISTANT
•
BILL OLIVER
FIELD INVESTIGATOR

## PETER ALEXANDER Ph.D.

Dr. Alexander has a strong Physics, Engineering, and Numerical Modeling background. He has a Ph.D. in Physics and has served as Research or Engineering Director at Foxboro Corp., Combustion Engineering, Schlumberger, TRW, and Bendix Corp. He has held positions in the Government, Academia, and Industry in which he managed large and small projects involving multidisciplinary groups of physicists and engineers. He currently serves as a Staff Physicist at Raymond P. Smith & Associates.

### EDUCATION:

| | | |
|---|---|---|
| Mass. Institute of Technology | 1956 | B.S. Physics |
| Purdue University | 1961 | Ph.D. Nuclear Physics & Math |
| Calif. Institute of Technology | 1961-64 | Physics Faculty, Research Fellow |

### REPORTS, PUBLICATIONS, PATENTS:
Over 60

### BROAD MULTIDISCIPLINARY TECHNICAL BACKGROUND
Dr. Alexander has a broad multidisciplinary background which spans physics, mechanical systems design, microelectronics, materials properties, numerical modeling, sensor technology, process measurement & control, environmental technology, compositional analysis, and geophysical technology.

### EXPERTISE IN PHYSICS
Dr. Alexander has a strong Physics background including degrees in Physics from M.I.T. and Purdue University. He also served on the Physics Faculty at the California Institute of Technology where he worked directly with a number of Nobel Prize winning physicists.

### NUMERICAL MODELING
Dr. Alexander has developed a number of numerical models involving the application of forces, geophysical phenomena, nuclear fields, and mathematical relationships. He has also validated numerical models and related the predictions of these models to "real life" situations.



## MECHANICAL STRUCTURES AND MATERIALS PROPERTIES

Dr. Alexander has managed programs involving the design of complex mechanical structures meant to safely withstand high stress and unusual forces during operation.

- Dr. Alexander managed the Schlumberger high pressure test facility in Houston where mechanical designs and various materials were subjected to high pressures and temperatures to evaluate their performance.
- Dr. Alexander served as Senior Program Manager for Raytheon Engineers where he worked on programs involving the design of facilities and structures, to house and process nuclear and hazardous operations, that would be able to withstand high g forces.
- Dr. Alexander has evaluated the performance of various materials under adverse mechanical and chemical conditions.

## MULTIDISCIPLINARY ENGINEERING PROGRAM MANAGEMENT

Dr. Alexander has organized, staffed, budgeted and managed over 100 multidisciplinary engineering projects. As a Research, Engineering, and Product Line Manager at Combustion Engineering and Foxboro Co., Dr. Alexander designed and tested mechanical and electronic systems used in harsh environments. He managed multidisciplinary groups of mechanical, electrical, and computer engineers. As Engineering Director at Schlumberger he built and managed a world class organization of 80 geophysicists, petroleum engineers, computer modelers, mechanical engineers, electrical engineers, and field service people. Many of these individuals were Professional Engineers. At TRW he was responsible for managing a multidisciplinary staff of Engineers working on a field demonstration program in Wyoming.

## MICROSENSORS AND MICROELECTRONICS

Dr. Alexander has a broad sensor background which includes development of supporting microelectronics. He has developed sensor technology of many varieties including process measurement and control sensors, environmental sensors, chemical process system sensors, electro-optical sensors, automotive sensors, and natural resources/geophysical sensors.



Peter Alexander
Page 3

## POSITIONS HELD:

| ORGANIZATION | POSITION | DATE |
|---|---|---|
| Raymond P. Smith & Associates<br>Denver, Colorado | Staff Physicist | 1998-<br>Present |
| Various Clients<br>1998 | Consultant | 1997- |
| Raytheon Engineers<br>Denver, Colorado | Senior Program Manager | 1993-1997 |
| EG&G<br>Waltham, Massachusetts | Senior Scientist | 1992-1993 |
| Foxboro Corp.<br>Foxboro, Massachusetts | Director Pressure Products<br>Director Microtechnology Products | 1990-1992 |
| Combustion Engineering Inc.<br>Rochester, New York | Director Measurement R&D<br>Senior Principal Engineer | 1986-1990 |
| Flopetrol Johnston Div. of<br>Schlumberger Inc., Houston, Texas | Director of Research & Engineering | 1983-1986 |
| TRW Inc.<br>Colorado & Virginia | Manager - Instrumentation<br>Application Office | 1977-1983 |
| Bendix Field Engineering Corp.<br>Grand Junction, Colorado | Director Advanced Technology<br>Division | 1974-1977 |



# John J. Smith, P.E.

## Raymond P. Smith & Associates

TECHNICAL ACCIDENT INVESTIGATION • ACCIDENT RECONSTRUCTION
MEMBER **SAE** The Engineering Society

RAYMOND P. SMITH
ACCIDENT
RECONSTRUCTIONIST
•
JOHN J. SMITH, P.E.
B.S.G.P., M.S.E.E.
•
PETER ALEXANDER
Ph.D., PHYSICS
•
C. SAMEUL MILLER
Ph.D., PE
•
DONALD S. MASSEY
D.O., FACOEP
•
THOMAS LINDQUIST
LAMPS ON/OFF
RETIRED CPT., C.S.P.
•
THERESA A. SMITH, M.B.A.,
B.S.N.
•
FRANCIS J. SMITH
B.S.G.P., M.S.E.E.
•
IRIS T. ALEXANDER
B.S., M.S., PHYSIOLOGY
•
RALPH D. GRAHAM
SAFETY CONSULTANT
TRANSPORTATION
•
JONATHAN SHARP
CERTIFIED
SAFETY PROFESSIONAL
•
JAMES T. HOGAN
INVESTIGATOR
•
RUDOLPH RIEHL
MECHANICAL
TECHNICIAN
•
ROBIN ALEXANDER
RESEARCH ASSISTANT
•
BILL OLIVER
FIELD INVESTIGATOR
•
JOHN CASTERDALE
ANIMATION

**Experience:**

**12/91 - Present** — **Staff Engineer,**
**Raymond P. Smith and Associates – Denver, Colorado**
- Accident Investigation and Reconstruction
- Occupant Kinematics/Injury Mechanisms
- Biomechanics

**7/91 - 7/92** / **10/87 – 5/89** — **Program Manager**
**ESL Inc. – Sunnyvale, California**
Participated in engineering programs in the following areas:
- Remote Sensing
- Advanced Computer Technology
- Communications
- Digital Image Processing

**6/89 - 7/91** — **Program Manager**
**GTE Government Systems - Mountain View, California**
Participated in engineering programs in the following areas:
- Artificial intelligence
- Geographic Information Systems
- Communications
- Systems Engineering

**12/81 to Present** — **U.S. Army Corps of Engineers - Rank of Major**
**Military experience includes the following areas:**
- Military Construction
- Terrain Analysis
- Geodetic Surveying
- Photogrammetry

**Education:**
M.S. - Electrical Engineering: University of Santa Clara, CA. 1991
B.S. - Geophysical Engineering: Colorado School of Mines, Golden, CO. 1983
U.S. Army Command and General Staff Officer Course
U.S. Army Combined Arms Staff Support School
U.S. Army Corps of Engineers Officer Advanced & Basic Courses
Defense Mapping Agency, Mapping, Charting & Geodesy Officer Course

**Professional Organizations:**
National Society of Professional Engineers
Society of American Military Engineers
IEEE - Engineering in Medicine and Biology Society, Remote Sensing Society
Society of Automotive Engineers
Southwest Association of Technical Accident Investigators
Association for the Advancement of Automotive Medicine

1880 E. 84th Avenue • Denver, Colorado 80229
(303) 288-3015 • (800) 237-6001 • (303) 288-6544 Fax



John J. Smith
1880 East 84th Avenue

## Continuing Education

1992  Stapp Car Crash Conference

1993  SAE Conference

1993  21st International Workshop on Human Subjects for
Biomechanical Research

1993  Child Occupant Protection Symposium

1993  Stapp Car Crash Conference

1993  Head & Neck Injury Symposium (SAE)

1994  SAE Conference

1994  Rear Impact Symposium (SAE)

1994  22nd International Workshop on Human Subjects for
Biomechanical Research

1994  Stapp Car Crash Conference

1995  SAE Conference

1995  23rd International Workshop on Human Subjects for
Biomechanical Research

1995  Stapp Car Crash Conference

1995  Accidental Injury: Biomechanics & Prevention,
University of California, San Diego, Office of
Continuing Medical Education

1996  SAE Conference

1996  Biomechanics of Accidents, Texas A&M University
System

1996  AIP Crash Tests

1996  AAAM Conference

1996  24th International Workshop on Human Subjects for
Biomechanical Research

1996  Stapp Car Crash Conference

1996  Impact Head Injury; Responses, Mechanisms,
Tolerance, Treatment & Countermeasures (NATO)

1997  SAE Conference

1997  Airbag Design and Performance TOPTEC (SAE)



John J. Smith
1880 East 84th Avenue

1997    Perception-Reaction-Conspicuity Seminar, University of Iowa

1997    AAAM Conference

1997    Child Occupant Protection Second Symposium

1997    Stapp Car Crash Conference

1997    25th International Workshop on Human Subjects for Biomechanical Research

1998    SAE Conference

1998    Photogrammetry in Accident Reconstruction

1998    AAAM Conference

1998    25th International Workshop on Human Subjects for Biomechanical Research

1998    Stapp Car Crash Conference

1998    Whiplash Symposium

1999    SAE Conference

1999    Current Issues in Using Crash Injury Data

1999    26th International Workshop on Human Subjects for Biomechanical Research

1999    Stapp Car Crash Conference

1999    3rd Annual Crash Injury Research & Engineering Network Conference



John J. Smith
1880 East 84th Avenue

Articles

The Physics, Biomechanics and Statistics of Rear Impacts, 1993

Damage Only Doesn't Work - Minor Damage Doesn't Mean No injury,
1997

Analysis of 72 Real World Rear Impacts, 1999

John J. Smith
1880 East 84th Avenue



## **Speeches**

Advanced Accident Investigation and Reconstruction (No date)

The Physics of Head Injuries, March 10, 1995 *

Biomechanics, February 2, 1996

Biomechanics and Accident Reconstruction, UNK, 1996

Principles of Accident Investigation and Reconstruction, September 1996 *

Seat Belts, Facts and Fiction, August 1997 *

Misapplication of Accident Reconstruction Data, August 1997 *

Accident Investigation and Reconstruction; Sources of Data, Common Errors, 1997 *

Accident Investigation and Reconstruction, March 5, 1998 *

Understanding Injury Causation in Motor Vehicle Collisions: Physics, Thresholds and Databases, March 6, 1998 *

Principles of Accident Reconstruction: Physics and Biomechanics, May 14, 1998 *

Countering the Opposition's Biomechanical Expert, June 15, 1998 *


* Included Biomechanics

| S Date | Name | Court | Case # | Ray Smith | John Smith |
|---|---|---|---|---|---|
| | Mendez | | | Y | |
| | Daly | Arbit | | Y | |
| | Price | Denver | Unk | Y | |
| | Stepp | Denver | 90CV11773 | Y | |
| | Garcia | | Hearing | Y | |
| | Morgan | Traffic | UNK | Y | |
| | Ettinger | Jeffco | 91CV3449 | Y | |
| | Ayres | Denver | 90CV8735 | Y | |
| | Wheeler | Unk | UNK | Y | |
| | State Farm | Arapahoe | 91C766 | Y | |
| | De Herrera | Denver | Arbit | Y | |
| | Somers | Arapahoe | 91CV1284 | Y | |
| | Dick | Boulder | 91CV1915 | Y | Y |
| | Austin | Larimer | 90CV339-3 | Y | |
| | Garris | C&C Denver | | Y | |
| | Gomez | Huerfano | 92CR48 | Y | |
| | Anderson | Jeffco | 91T9806 | Y | |
| | Vine | | UNK | Y | |
| | Hjelm | Denver | 92CV5058 | Y | Y |
| | Novak | Denver | | Y | |
| | Corder | City | UNK | Y | |
| | Murr | Infraction | 91R4016 | Y | |
| | Lopez | | | Y | |
| | Ybara | Denver | 92CV3329 | Y | Y |
| | Queen | El Paso | 90CV6212 | Y | |
| | Frieman | Glendale | Unk | Y | |
| | Lucero | Denver | Unk | Y | |
| | Mileto | El Paso | Unk | Y | |
| | Oneall | El Paso | 91CV1052 | Y | Y |
| | Kruse | | | Y | Y |
| | Curry | Referee | Unk | Y | |
| | James | | | Y | |
| | Aguilar | Pueblo | | Y | Y |
| | Pacheco | | | Y | |
| | McClendon | Arbit | | | Y |
| | Marks | Denver | | Y | Y |
| | Rodriguez | | | Y | |
| | Bartholomew | Boulder | | Y | |
| | Tompkins | El Paso | | Y | |
| | Kranisky | Jeffco | 91CV2455 | Y | |
| | Dyer | Jeffco | 91CV4216 | Y | |
| | Hasenwinkle | Unk | Unk | Y | |
| | Provorse | Denver | | Y | Y |
| | McGarraugh | Arapahoe | 92CV3090 | Y | Y |
| | Martinez | DEN | 92V6464 | | Y |
| | Kjolrd | El Paso | 91CV3135 | Y | Y |
| | Riendaus | Summit | 92CV161 | Y | |
| | Montoya | | | Y | Y |

| S Date | Name | Court | Case # | Ray Smith | John Smith |
|---|---|---|---|---|---|
| | Mazzara | Adams | 92CV1047 | Y | Y |
| | Dearing | El Paso | 92CV2511 | | Y |
| | Edwards | Denver | 92CV6942 | | Y |
| | King | Jeffco | 93CVUNK | | Y |
| | Eagen | Jefferson | 92F2245 | Y | |
| | Dinkle | Larimer | 93CV797 | | Y |
| | Singleton | Arbit | 93CV104 | | Y |
| | Robinson | Larimer | 92CV986 | | Y |
| 3/13/97 | Leach | El Paso | | | Y |
| | Morris | Jefferson | 93CV0543 | Y | |
| | Knott | Jefferson | UNKNOWN | Y | Y |
| | Whittaker | Denver | 93CV1100 | Y | Y |
| | Martinez | Denver | 93CV6360 | Y | |
| | Nguyen | Denver | 93CV873 | | Y |
| | Boyne | Denver | 93CV2812 | | Y |
| | Skoglund | Adams | 93CV0510 | Y | |
| | Carpenter | La Plata | 93CV142 | Y | |
| 9/7/95 | Bunce | Jefferson | 94CV1688 | Y | |
| | Lemonidis | Denver | 92C7940 | | Y |
| | Telling | El Paso | 93CV0168 | | Y |
| | Nagy | Adams | 93CV83 | | Y |
| | Philibosian | Denver | 94CV745 | Y | Y |
| 10/29/96 | Groove | Arapahoe | 94CV1318 | | Y |
| | Elderkin | Arbit | 93CV488 | Y | |
| | White | El Paso | UNK | | Y |
| | Wullschleger | Denver | 93CV6838 | | Y |
| | Jason | Denver | UNK | Y | Y |
| | Wilson | Jefferson | 93CV1726 | | Y |
| 7/8/96 | Kramer | Jefferson | 95CV0893 | | Y |
| | Ortega | Denver | UNK | Y | |
| 1/8/96 | Ulman | Denver | 93CV5731 | Y | |
| | Tuma | La Plata | 93CV80 | Y | Y |
| | Demidovitch | El Paso | UNK | Y | Y |
| | Sherman | El Paso | 93CV1481 | Y | |
| | Saffiedine | Arbit | UNK | | Y |
| | Garth | Denver | 93CV5547 | Y | Y |
| 10/3/95 | Gates | US District | 94C1873 | Y | |
| 6/18/96 | Mulligan | Denver | 93CV6417 | | Y |
| | Reissinger | Boulder | 93CV702 | | Y |
| 4/26/96 | Chapman | Denver | 95CV2047 | Y | |
| | Kramer | Morgan | | | Y |
| | Benson | Arbit | | | Y |
| | Truesdale | Adams | 93CV5546 | | Y |
| 8/31/95 | Fox | El Paso | | Y | |
| 4/24/96 | McKnight | Douglas | 94T1080 | | Y |
| | Huizar | Arbit | Unk | | Y |
| 5/22/95 3/5/96 | Dettman | Denver | 94CV3915 | | Y |

| Date | Name | Court | Case # | Ray Smith | John Smith |
|---|---|---|---|---|---|
| | Kim | Denver | Unk | | Y |
| 8/4/95 | Reynolds | Denver | 94CV5094 | Y | Y |
| 12/20/95 | Roberts | Denver | 95CV772 | | Y |
| 3/10/95 | Conant | Broomfield | Unk | Y | |
| 4/28/1997 5/13/98 5/18/98 | Abeyta | Denver | 95K1723 | Y | Y |
| 5/20/98 | Hill | Arapahoe | 94 CV 1379 | | Y |
| 10/12/95 11/27/95 | Lynch | Arapahoe | 94CV1209 | Y | |
| 5/18/95 | Lesser | Jefferson | 93CV1581 | | |
| 7/19/96 | Gonzales | | | | Y |
| 5/30/95 | Martinez | Adams | 94CV973 | Y | |
| 5/28/96 5/30/96 | Valencia | La Plata | 94CV307 | Y | Y |
| 8/2/95 | Esquibel | El Paso | 93CV2135 | | Y |
| 8/31/95 | Barrett | Mesa | 94CV321 | | Y |
| 7/6/95 | Parker | Denver | 94CV5321 | Y | Y |
| 7/25/97 8/26/97 | Hammonds | El Paso | 96CV1324 | Y | Y |
| 1/30/96 | Lilley | Jeffco | 95T6309 | | Y |
| 6/23/95 | Pappas | Adams | Unk | | Y |
| 1/2/94 | Smith | Palmer Lake | UNK | | Y |
| 7/6/95 | Thomas | Arbitration | Arbitration | | Y |
| 2/22/96 | Walukewicz | Denver | Unk | | Y |
| 11/15/95 12/18/95 | Tanner | Adams | 95CV105 | | Y |
| 8/22/95 | Fogg | El Paso | 90CV6422 | Y | |
| 2/11/97 4/22/97 | Dewhurst | Freemont | 95CV25 | Y | |
| 1/24/97 | Guerrrero | Denver | | Y | |
| 10/12/95 2/12/96 | Hix | Adams | 93CV126 | | Y |
| 11/3/95 | Menter | Littleton | Unk | Y | |
| 4/24/96 | Moran | Arbit | | | Y |
| 3/22/96 | Rodrigues | Pueblo | 95CV407 | | Y |
| 2/21/97 | Angel | El Paso | | | Y |
| 4/15/97 | Sherman | Denver | 96CV1222 | Y | Y |
| 8/2/95 | Hernandez | El Paso | Arbitration | | Y |
| 1/9/1996 1/30/1996 | Simantob | Denver | 94CV3279 | | Y |
| 4/8/96 | Martindale | Jeffco | 95CV0822 | | Y |
| 11/5/97 | Wright | Jeffco | 97CV1309 | | Y |
| 8/11-13/97 | Rhodes | Arbit | | Y | Y |
| 6/25/96 7/1/96 | Middleton | El Paso | 95CV1060 | Y | Y |
| 2/17/97 | Delancey | Arbit | | | Y |
| 4/25/96 | Glick | Arbit | | Y | |

| Date | Name | Court | Case # | Ray Smith | John Smith |
|---|---|---|---|---|---|
| 7/8/96 | | | | | |
| 8/20/96 | Franklin | Mesa | 94CV215 | | Y |
| 4/9/96 | Norwood | El Paso | | | Y |
| 5/2/96 | Thompson | Arapahoe | 95T4948 | Y | |
| 11/15/96 | | | | | |
| 1/7/97 | Williams | Larimer | 95CV724 | | Y |
| 7/25/96 | Williams | Arapahoe | 95CV1877 | | Y |
| 11/21/96 | | | | | |
| 12/2/96 | Castle | El Paso | 94CV0139 | | Y |
| 12/17/96 | | | | | |
| 4/2/97 | Cortinez | Adams | | | Y |
| 2/5/97 | Gaudy | Arbit | | | Y |
| 11/5/96 | Moberg | North Dakota | UNK | | Y |
| 7/20/97 | Collins | | 96CV1627 | | Y |
| 1/27/97 | Moldenhauer | Douglas | 95CV196 | | Y |
| 1/3/97 | | | | | |
| 6/10/97 | Bennett | Larimer | 96CV46 | | Y |
| 5/13/97 | | | | | |
| 7/14/97 | Bonilla | Denver | 96CV5041 | | Y |
| 2/19/97 | Lucero | Denver | 96CV3087 | | Y |
| 3/16/99 | | | | Y | |
| 3/17/99 | Youngren | Pueblo | 97CR89-D | | Y |
| 6/16/97 | Coxey | Arapahoe | 96CV703 | | Y |
| 10/7/97 | Armijo | Arbit | | | Y |
| 6/25/97 | Ramos | Nevada | D05097 | Y | Y |
| | Grossette | Denver | 98CV1771 | Y | Y |
| 10/16/98 | Grosette | | | | Y |
| 9/8/97 | Amartey | | | Y | Y |
| 8/1/97 | Friday | Texas | 19-97 | | Y |
| 8/5/98 | Smeija | Arapahoe | 97CV475 | | Y |
| 10/22/97 | | | | | |
| 12/11/97 | O'Connor | Boulder | 96CV995 | | Y |
| 10/17/97 | | | | | |
| 1/5/98 | Copley | Boulder | 96CV588 | | Y |
| 10/28/97 | Noseworthy | El Paso | 94CV2249 | | Y |
| | Giannotto | New Jersey | | | Y |
| 8/7/98 | | | | | |
| 8/11/98 | Faulds X2 | Durango | Arbitration | Y | Y |
| 9/11/97 | | | | | |
| 9/23/97 | Garza | Young | 26742 | | Y |
| 2/19/98 | Rosenthal | El Paso | 96CV0726 | | Y |
| 11/17/97 | Stephenson | Larimer | 97CV170 | | Y |
| 11/20/97 | | | | | |
| 12/5/97 | | | | | |
| 12/27/97 | | | | | |
| 12/28/97 | Martin | Arapahoe | 93CV2722 | Y | Y |
| 2/3/1998 | | | | | |
| 4/14/98 | Marcotte | Adams | 97CV0536 | Y | |



**Raymond P. Smith & Associates**

TECHNICAL ACCIDENT INVESTIGATION • ACCIDENT RECONSTRUCTION
MEMBER **SAE** *The Engineering Society For Advancing Mobility*

RAYMOND P. SMITH
ACCIDENT
RECONSTRUCTIONIST
•
JOHN J. SMITH. P.E.
B.S.G.P. M.S.E.E.
•
PETER ALEXANDER
Ph.D., PHYSICS
•
C. SAMEUL MILLER
Ph.D., PE
•
DONALD S. MASSEY
D.O., FACOEP
•
THOMAS LINDQUIST
LAMPS ON/OFF
RETIRED CPT., C.S.P.
•
THERESA A. SMITH, M.B.A.
B.S.N.
•
FRANCIS J. SMITH
B.S.G.P. M.S.E.E.
•
IRIS T. ALEXANDER
B.S., M.S., PHYSIOLOGY
•
RALPH D. GRAHAM
SAFETY CONSULTANT
TRANSPORTATION
•
JONATHAN SHARP
CERTIFIED
SAFETY PROFESSIONAL
•
JAMES T. HOGAN
INVESTIGATOR
•
RUDOLPH RIEHL
MECHANICAL
TECHNICIAN
•
ROBIN ALEXANDER
RESEARCH ASSISTANT
•
BILL OLIVER
FIELD INVESTIGATOR
•
JOHN CASTERDALE
ANIMATION

# Raymond P. Smith & Associates - Rate Structure

## January 1, 2000

The following is the rate structure for Raymond P. Smith and Associates effective January 1, 2000. We anticipate that this rate structure will remain constant through July 1, 2000, however, rates are subject to change without notice. Rush jobs may incur additional costs. Expenses will be added to the listed rates. (Testimony rates may vary.)

| | |
|---|---|
| **Technical Accident Investigation** * | **$175/Hr** |
| **Accident Reconstruction** * | **$175 – 225/Hr** |
| **Medical Analysis – Doctor** | **$300/Hr** |
| **Medical Analysis – RN** | **$75/Hr** |
| **Commercial Vehicle Investigator** | **$150/Hr** |
| **Metallurgical Expert** | **$145/Hr** |
| **Seat Belt Expert (Failure Analysis)** | **$135/Hr** |
| **Engineering Assistant** | **$75/Hr** |
| **Vehicle Mechanical Inspection** | **$55/Hr** |
| **Private Investigator** | **$55/Hr** |
| **Arson Investigator** | **$55/Hr** |
| **Other Experts** | **TBD** |
| **Expenses** | **TBD** |
| **5 Business Day Turnaround** | **20% Additional** |
| **\* Out of State Maximum Daily Rate** | **$1,500/day** |

1880 E. 84th Avenue • Denver, Colorado 80229
(303) 288-3015 • (800) 237-6001 • (303) 288-6544 Fax

| S Date | Name | Court | Case # | Ray Smith | John Smith |
|---|---|---|---|---|---|
| 12/12/97 | Vangelas | Larimer | 96CV745 | | Y |
| 2/9/98 | Smart | Arbit | | | Y |
| 3/2/98 | Davis | Adams | 97CV638 | | Y |
| 12/3/98 | Rutherford | Washoe, NV | CV93-02404 CV94-00009 | | Y |
| 5/7/98 5/12/98 | Duffy | Denver | 97CV353 | | Y |
| 3/13/98 | Mooreland | Nacogdoches | 13-446-97-6 | | Y |
| 5/5/98 | Mendez | Adams | 97 CV 814 C | | Y |
| 4/28/98 | Gregerson | Arapahoe | | | Y |
| 2/18/98 3/10/98 | Espinosa | Denver | 97CV1503 | | Y |
| 5/1/98 6/25/98 | McCallum | Boulder | 97CV599 | | Y |
| 6/28/98 | Pomerlau | Ft. Carson | | | Y |
| 3/13/98 | Kennington | Smith | 97-733-B | | Y |
| 2/13/98 | Simmons | Van Zandt | 97-00411 | | Y |
| 9/14/1998 10/1/98 | Broussard | Texas | B-148,681 | | Y |
| 4/21/98 | Ortolf | Wyoming | | | Y |
| 6/8/98 | Vigil | Wyoming | 147-399 | | Y |
| 6/5/98 | Wright | Texas | 97-240 | | Y |
| 7/14/98 | Luebbers | Arapahoe | 97CV1373 | | Y |
| 6/18/98 | Chan | Denver | 97CV1903 | | Y |
| 7/21/98 | Patin | Texas | B 960,314 | | Y |
| 6/30/98 | Cook | Texas | 97-CV-246 | | Y |
| 8/20/1998 9/11/98 | Wiggins | Texas | A-970, 112-C | | Y |
| 8/17/98 | Brown | Adams | 97CV2349 | | Y |
| 8/13/98 | Brickmont | Denver | 96CV6527 | | Y |
| 7/20/98 | Kelley | Wyoming | CV97-0070 | | Y |
| 10/16/98 | Adams | Washoe County, NV | CV 96-03181 | | Y |
| 2/24/99 | Kuhlman | Summit | 98 CV 124 R | Y | |
| 1/11/99 | Jurad | Reno, NV | CV95-00144 | | Y |
| 12/7/98 | Massey | Dallas, Texas | 97-05912-M | | Y |
| 1/25/99 | Baker | Texas | 97-1005-B | | Y |
| 10/12/98 | McJunkins | Denver | 97-CV-5741 | | Y |
| 10/23/98 | Herrington | Texas | D-156,075 | | Y |
| 10/23/1998 11/9/98 | Morell | Travis County, TX | 227,520 | | Y |
| 1/22/99 | Poe | | | | Y |
| 1/6/1999 2/23/99 | Offen | Denver | 96 CV 6466 | Y | |
| 10/23/98 | Rider | Harrison County , TX | 97-4223-CCL | | Y |
| 2/5/99 | Trexler | El Paso | 98 CV 1282 | | Y |

| Date | Name | Court | Case # | Ray Smith | John Smith |
|---|---|---|---|---|---|
| 2/5/99 | Trexler | El Paso | 98 CV 1282 | | Y |
| 1/8/1999 | | | | | |
| 1/26/99 | Powell | Boulder | 97 CV 1819 | | Y |
| 2/11/99 | O'Rourke | Wyoming | 98 CV 1029D | | Y |
| 1/5/99 | Washington | El Paso | 96 CV 2440 | | Y |
| 3/22/99 | Robra | Jefferson | 98CV1745 | | Y |
| 3/31/99 | Frasier | Texas | 97-01254-E | | Y |
| 4/6/99 | Crockett | | | | Y |
| 4/21/99 | Session | Texas | 1998-238 | | Y |
| 4/8/99 | Medina | | | | Y |
| 4/5/99 | Reyes | Larimer | 98-CV-215-1 | | Y |
| 5/4/99 | Stephenson | Arkansas | CIV 96-171 | | Y |
| 4/29/99 | Doman | Adams | | Y | |
| 3/25/99 | Sudberry | Denver | 98 CV 4494 | Y | Y |
| 3/17/99 | Youngren | | | Y | |
| 5/10/99 | Nowell | Scurry County, TX | 20045 | | Y |
| 5/17/99 | Mills | Teller County | 95 CV 102 | | Y |
| 5/20/99 | Frederick | Charlotte County, Fl | 97-543-CA | | Y |
| 6/9/1999 | | | 98 CV 3862 | | |
| 6/14/99 | Ferris | Arapahoe | Div 4 | | Y |
| 6/24/1999 | | | | | |
| 7/28/99 | | | | | |
| 12/9/99 | Hardee | New Jersey | L-6101-97 | | Y |
| 8/5/99 | Knight | Dallas, Texas | DV98-08087 | | Y |
| 9/8/99 | Cordova | El Paso | 96CV0790 | Y | Y |
| 9/14/1999 | | | | | |
| 9/29/99 | Woolery | El Paso | 97CV1213 | | Y |
| 10/6/99 | VanGaalen | Jefferson | 98CV2768 | | Y |
| 10/14/99 | Fleck | Denver | 98-CV-3692-3 | | Y |
| 11/3/99 | Barnes | Adams | 98-CV-3225 | | Y |
| 11/4/99 | Briones | Arapahoe | 98-CV-2099 | | Y |
| 11/5/1999 | | | | | |
| 02/23/00 | Martinez, Gofma | Wyoming | 76482-A, 76500 | Y | Y |
| 11/30/99 | Nickerson | Summit | 98 CV 289 | Y | |
| 1/15/00 | Bonine | Mesa County | 98 CV 560 | | Y |
| 4/18/00 | Jones | Adams | 99 CV 951 | | Y |
| | Grossette | | | Y | |
| 5/16/00 | Smith | Arapahoe | 98 CV 1499 | Y | |